MERRITT, Circuit Judge,
dissenting.
I disagree with the portion of the Court’s opinion regarding the failure of counsel to object to multiple instances of clearly inadmissible evidence. In my view, counsel’s failure to object to the hearsay testimony of the child’s father and stepmother, two police officers and the doctor that petitioner was guilty of sexual abuse constitutes ineffective assistance of counsel. The testimony of these five witnesses was introduced for the truth of the matters asserted. The testimony repeated the out-of-court statements made by the child to them about what the child said the peti *36 tioner did to him. The Michigan Court of Appeals held that the admission of the testimony was “harmless error.”
The Report & Recommendation of the Magistrate Judge, as found at Appendix page 119, recites that the first issue is whether there was “ineffective assistance of counsel for failing to object to ... repeated instances of hearsay testimony regarding the victim’s description of the offense.” The Magistrate held that counsel was ineffective in failing to object,[1] but the District Court disagreed. I agree with the Magistrate Judge.
The child was an available witness. Counsel did not object to this testimony even though the hearsay clearly violated the Confrontation Clause, as interpreted by the Supreme Court in Idaho v. Wright, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), a similar case in which a doctor testified as to the out-of-court statements of a child victim of sexual abuse. The Supreme Court has recently revisited this area of the law in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177 (2004) (holding that for such hearsay to be admissible “the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination”). Counsel for petitioner made no attempt to exclude unconstitutional hearsay testimony of five witnesses, testimony that formed the basis of the prosecution’s case against petitioner. Counsel’s failure falls far below the standard we require of competent counsel in the defense of criminal cases and was prejudicial because without these witnesses the evidence was extremely weak, perhaps even legally insufficient to prove that petitioner committed the elements of the offense. I would therefore issue the writ on grounds of ineffective assistance of counsel.

. The Magistrate Judge said:
The court, the prosecutor, and defense counsel agreed that the victim was not a good witness. It is clear that the testimony of these other witnesses concerning what the victim had told them strengthened the victim’s own testimony. Officer Zaidel, Detective Alexander, the victim's stepmother, the victim's father and Dr. Murray all testified that the victim had told them that petitioner was the abuser. This testimony was hearsay and objectionable. Petitioner’s counsel failed to object to any of the hearsay testimony. Defense counsel stated that he did not object at trial because he objected at the preliminary examination when the prosecutor introduced similar statements from Dr. Murray and the statements were admitted during that proceeding. Hearing on Motion For New Trial transcript, docket # 13, at 12-13. That is an insufficient reason to fail to object during a trial. The standard for admissible evidence at a preliminary examination is not the same standard used at trial.... [T]he statements by the other witnesses, as the Michigan Court of Appeals held, were not clearly admissible.... A reasonable attorney would have made an objection to the testimony.... It appears that no exception exists for the testimony of the victim’s father and the testimony of the victim’s stepmother reciting statements made to them by the victim. Defense counsel’s failure to object to this testimony was unreasonable. Further, it appears that no hearsay exception existed for the admission of the Officer ZaideTs testimony about what the victim had told him and for the admission of Detective Alexander's similar testimony.
App. p. 134.